IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


CAESAR L. CLAY                                                                          PLAINTIFF


V.                              CIVIL NO. 1:14-cv-01004-SOH-BAB


SHERIFF DAVID NORWOOD
                                                                          DEFENDANT



**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Caesar L. Clay, pursuant to 42 U.S.C. § 1983. The Complaint concerns transport conditions between the Ouachita County Detention Facility and the Arkansas Department of Corrections Ouachita Unit in Malvern, Arkansas. However, the Complaint was filed after Plaintiff was released from incarceration. ECF 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendant Norwood's Motion to Dismiss. ECF No. 16. Plaintiff did not respond. After careful consideration the Court makes the following Report and Recommendation.

I.      BACKGROUND

Plaintiff filed his Complaint on January 14, 2014 in the Eastern District of Arkansas. ECF No. 2. The Eastern District properly transferred the case to this Court on April 4, 2013. ECF No. 3. In his Complaint, Plaintiff names Sheriff Norwood in his official capacity as the sole Defendant

in the case.  ECF No. 2, pp. 1-2.

Plaintiff alleges that on October 7, 2103 he was transported between facilities in an unsafe manner and additionally exposed to an inmate with tuberculosis during the trip. ECF No. 2, p. 4. Specifically, eleven inmates were put into a van with a capacity for nine passengers, requiring the Plaintiff to ride on a fender hump, while another inmate rode on the floor. Plaintiff alleges the driver drove at speeds in excess of 65-70 mile per hour in zones rated for 35-40 miles per hour. ECF No. 2, p. 4. Plaintiff requests monetary damages. Plaintiff did not file any grievances in the matter. ECF No. 2, pp. 3-4.

Defendants filed their Motion to Dismiss and Brief in Support on January 9, 2015.  ECF No. 8-9.  Defendant Norwood argues that the case should be dismissed pursuant to FRCP 12(b)(6). ECF No. 9, p. 1.

## II.   APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft,* 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir.

2004).

## III.   DISCUSSION

Defendant argues this case should be dismissed for three reasons: 1) Plaintiff's official capacity claim is based on *respondeat superior*; 2) Plaintiff cited no personal involvement by Defendant Norwood; and 3) Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit.

Under section 1983, a defendant may be sued in either his individual capacity, or his official capacity, or in both.  In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits.  As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available.  *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998).  An official capacity claim against Defendant is essentially a claim against Ouachita County.  "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights.  *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

The transport of an inmate with tuberculosis in close quarters with other inmates and jail

employees, without appropriate precautions, could possibly state a claim for relief, *if* one of the inmates had active tuberculosis.[1] However, Plaintiff has not made any allegations or presented any facts showing that this contact was the result of a policy or custom of Ouachita County which Defendant Norwood was enforcing. Nor has he provided any allegation of fact showing that driving over the speed limit or overcrowding the transport vehicle was a custom or policy of Ouachita County.  Further, Plaintiff has not alleged any specific injury he suffered as a result of the conduct alleged.

Additionally, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability.  *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). Thus,  Defendant Norwood cannot be held liable based merely on the fact that he was the Ouachita County Sheriff.

## IV.   CONCLUSION

Accordingly, I recommend Defendant's Motion to Dismiss (ECF No. 8) be **GRANTED** and the case be dismissed without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district**

---

[1]*See e.g.*CDC Prevention and Control of Tuberculosis in Correctional and Detention Facilities: Recommendations from CDC: Precautions for Transporting Patients Between Correctional or Detention Facilities (patients with active TB should be transported in an ambulance with a ventilation system and drivers or other passengers should have at least an N95 respirator.) Vol 55/No. RR-9, p. 15 (July 7, 2006), available at http://www.cdc.gov/niosh/nas/RDRP/appendices/chapter6/a6-42.pdf.

court.

      **DATED** this **3rd day of June 2015.**

                       /s/  Barry A. Bryant

                       HON. BARRY A. BRYANT

                       UNITED STATES MAGISTRATE JUDGE